**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GREGORY SHEHEE, | ) NO. CV 08-2277-FMC(E) |
| Plaintiff, | ) |
| v. | ) MEMORANDUM AND ORDER DISMISSING |
| LEROY BACA, L.A. COUNTY SHERIFF, et al., | ) THIRD AMENDED COMPLAINT |
| Defendants. | ) |
| _____ | ) |

**BACKGROUND**

Plaintiff filed this civil rights action on April 9, 2008.  The
original Complaint challenged the conditions of confinement at the
Los Angeles County Jail.  Plaintiff alleged that, beginning
February 2, 2001, he was a civil detainee confined at the Los Angeles
County Jail "Twin Towers" facility pending civil proceedings under
California's Sexually Violent Predators Act, California Welfare and

1  Institutions Code § 6600 <u>et seq.</u> (the "SVPA") (Complaint, pp. 2, 5).[1]

3      By Memorandum and Order issued on May 2, 2008, the Court found

4  the Complaint deficient in numerous respects, and dismissed the

5  Complaint with leave to amend.  On August 22, 2008, Plaintiff filed a

6  First Amended Complaint.

8      The First Amended Complaint, which again appeared to challenge

9  Plaintiff's conditions of confinement while a detainee at the jail,

10 referenced thirty-three "appendices," of which Plaintiff actually

11 filed thirty.  The stack of filed appendices was over a foot high.

12 These appendices contained hundreds of inmate requests and grievances

13 submitted by Plaintiff to jail authorities (including a number of

14 illegible documents), Plaintiff's medical records (some of which were

15 illegible), documents reflecting other inmates' dietary restrictions,

16 at least a hundred letters to Plaintiff from the American Civil

17 Liberties Union apparently responding to Plaintiff's requests for

18 assistance, and many other unnumbered documents of uncertain

19 significance.

20      On September 5, 2008, the Court issued an Order dismissing the

---

[1]      "The SVPA authorizes the state to seek the involuntary commitment of any person who has been convicted of certain enumerated violent sex offenses against at least two victims and who has a diagnosed mental disorder that makes the person a dangerous likely recidivist." <u>Jones v. Blanas</u>, 393 F.3d 918, 923 (9th Cir. 2004), <u>cert. denied</u>, 546 U.S. 820 (2005) (citing Cal. Welf. & Inst. Code §§ 6600(a)(1), 6601(a)(1)).  Until 2006, those persons found to be sexually violent predators ("SVPs") periodically were returned to the county of their latest conviction for proceedings on petitions for further civil commitment.  <u>See</u> Cal. Welf. & Inst. Code §§ 6601, 6604.  Section 6604 now provides that SVPs can be committed for indeterminate terms.  <u>See</u> <u>id.</u>

1   First Amended Complaint with leave to amend.  The Court advised

2   Plaintiff that the First Amended Complaint violated Rule 8 of the

3   Federal Rules of Civil Procedure, which requires that a complaint

4   contain a "short and plain" statement of the claim for relief, and

5   that "[e]ach averment of a pleading shall be simple, concise, and

6   direct."  Fed. R. Civ. P. 8(a), (e).

7

8       After seeking and receiving several extensions of time, Plaintiff

9   filed a Second Amended Complaint on May 1, 2009.  Also on May 1, 2009,

10  Plaintiff filed "Plaintiff's Request to Move Appendices (Exhibits)

11  From First Amended Complaint to Second Amended Complaint" ("Request to

12  Move Appendices"), seeking to "move" all of the appendices to the

13  First Amended Complaint to the Second Amended Complaint.  Much of the

14  Second Amended Complaint was identical to the First Amended Complaint,

15  and contained numerous references to the appendices.

16

17      On May 13, 2009, the Court issued an Order dismissing the Second

18  Amended Complaint with leave to amend, and denying Plaintiff's request

19  to "move" the appendices of the First Amended Complaint to the Second

20  Amended Complaint.  The Court advised Plaintiff that the Second

21  Amended Complaint, like the First Amended Complaint, violated Rule 8

22  of the Federal Rules of Civil Procedure.

23

24      On June 9, 2009, Plaintiff filed the operative Third Amended

25  Complaint ("TAC").  On August 25, 2009, Defendant Gloria Molina

26  ("Defendant Molina") filed a Motion to Dismiss the Third Amended

27  Complaint.  On August 25, 2009, Defendant Lee Baca ("Defendant Baca")

28  also filed a Motion to Dismiss the Third Amended Complaint.  Plaintiff

1   filed oppositions to the motions on September 11, 2009 and

2   September 17, 2009, respectively ("Plaintiff's Oppositions").  On

3   October 1, 2009, Defendant Baca filed a reply and evidentiary

4   objections to Plaintiff's opposition.  The Court has taken both

5   motions under submission without oral argument.  See L.R. 7-15;

6   August 25 and 26, 2009 Minute Orders.

7

8              **SUMMARY OF ALLEGATIONS IN THE THIRD AMENDED COMPLAINT**

9

10      Like the Second Amended Complaint, the Third Amended Complaint

11  challenges jail conditions to which Plaintiff assertedly was subjected

12  during Plaintiff's detention at the Los Angeles County Jail over an

13  eight-year period (i.e., February 2, 2000 through February 25, 2008)

14  (TAC ¶ 16).  Plaintiff generally alleges that the defendants (the

15  Sheriff of Los Angeles County, employees and agents of the Los Angeles

16  County Sheriff's Department, and the County of Los Angeles) were

17  deliberately indifferent to Plaintiff's serious medical needs, refused

18  to give Plaintiff "more considerate treatment" than received by his

19  criminal detainee counterparts,[2] engaged in racial discrimination, and

20  ─────────────────

21      [2]   Plaintiff cites Youngberg v. Romeo, 457 U.S. 307, 324
    (1992) in this regard.  In Youngberg, the Supreme Court held

22  that, in addition to the right to adequate food, shelter,
    clothing, and medical care, persons involuntarily committed to

23  state institutions for the mentally retarded have
    constitutionally protected liberty interests under the due

24  process clause of the Fourteenth Amendment to "reasonable care
    and safety, reasonably nonrestrictive confinement conditions, and

25  such training as may be required for these interests."  While the
    Court noted that "[p]ersons who have been involuntarily committed

26  are entitled to more considerate treatment and conditions of
    confinement than criminals whose conditions of confinement are

27  designed to punish," the rights are not absolute, but subject to
    restriction where reasonably related to legitimate constraints

28                                                        (continued...)

4

conspired to deny Plaintiff his civil rights (TAC ¶ 1).

Plaintiff alleges, among other things, that various jail officials assertedly: (1) subjected Plaintiff to punitive conditions of confinement substantially worse than those conditions he faces as a detainee at the Coalinga State Hospital (TAC ¶¶ 24-29); (2) denied Plaintiff medical care and medication (TAC ¶¶ 30-47); (3) assaulted Plaintiff and engaged in other acts of retaliation for Plaintiff's filing of administrative grievances (TAC ¶¶ 48-52, 56-59); (4) denied Plaintiff his special diet (TAC ¶ 52); (5) placed Plaintiff in administrative segregation with criminal detainees and prisoners, without a hearing (TAC ¶¶ 53-55, 60); and (6) denied Plaintiff law library access and access to legal supplies (TAC ¶¶ 61-66). Plaintiff generally alleges that all of the defendants: (1) "by personal acts or omissions to act, implemented policies, procedures, and customs so deficient that they repudiated plaintiff's constitutional rights"; and (2) "personally participated in the deprivation of plaintiff's constitutional rights, knew of the violations, and failed and refused to act to prevent them" (TAC ¶¶ 67-68). Plaintiff seeks injunctive relief against the defendants from subjecting Plaintiff to conditions of confinement that are the same as, similar to, or more restrictive than criminal detainees. Plaintiff also seeks compensatory and

---

[2](...continued)
under which the institutions necessarily operate. Id. at 321-22, 324 (citation omitted). Thus, while Plaintiff cannot be subjected to conditions of confinement that amount to punishment, he is subject to "[l]egitimate, non-punitive government interests" including "maintaining jail security, and effective management of [the] detention facility." Jones v. Blanas, 393 F.3d at 932-33.

1  punitive damages (TAC p. 13).

2

3      Defendants Baca and Molina, in their individual capacities only,

4  have moved to dismiss the Third Amended Complaint for failure to

5  allege facts with sufficient specificity to show these Defendants'

6  personal involvement in the alleged constitutional deprivations.

7  Defendant Molina also asserts that she is immune from liability.

8

9                            **DISCUSSION**

10

11 **I.   Standards Governing Motions to Dismiss**

12

13      Under Federal Rule of Civil Procedure 12(b)(6), a court may

14 dismiss a complaint for failure to state a claim upon which relief may

15 be granted where: (1) there is no cognizable legal theory; or (2) the

16 complaint alleges insufficient facts to support a cognizable legal

17 theory.  <u>Zamani v. Carnes</u>, 491 F.3d 990, 996–97 (9th Cir. 2007)

18 (quoting <u>Navarro v. Block</u>, 250 F.3d 729, 732 (9th Cir. 2001)).  The

19 Supreme Court recently explained that "to survive a motion to dismiss,

20 a complaint must contain sufficient factual matter, accepted as true,

21 to 'state a claim to relief that is plausible on its face.'  A claim

22 has facial plausibility when the plaintiff pleads factual content that

23 allows the court to draw the reasonable inference that a defendant has

24 acted unlawfully."  <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009)

25 ("<u>Iqbal</u>") (quoting <u>Bell Atlantic v. Twombly</u>, 550 U.S. 544, 556, 570

26 (2007) ("<u>Twombly</u>")).  "[A] formulaic recitation of the elements of a

27 cause of action will not do."  <u>Twombly</u>, 550 U.S. at 555.

28

"While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  Iqbal, 129 S. Ct. at 1950.  Determining whether a complaint states a plausible claim for relief is a matter left to the court's experience and common sense, and requires "more than a sheer possibility that a defendant has acted unlawfully."  Id. at 1949 (citing Twombly, 550 U.S. at 556).  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'"  Id. (quoting Twombly, 550 U.S. at 557).[3]

In ruling on a motion to dismiss, the Court must take as true all non-conclusory factual allegations in the Complaint, and must construe the Complaint in the light most favorable to Plaintiff.  See al-Kidd v. Ashcroft, 580 F.3d 949, 964 (9th Cir. 2009); Moss v. U.S. Secret Service, 572 F.3d at 969; Fed. R. Civ. P. 12(b)(6).  The Court may consider matters properly the subject of judicial notice.  See Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001).  The Court also may consider exhibits attached to the Complaint.  See Hal Roach

---

[3]  As the Court has explained, Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain a "short and plain" statement of the claim for relief, and that "[e]ach averment of the pleading shall be simple, concise, and direct." Fed. R. Civ. P. 8(a), (e).  While Twombly and Iqbal affirm that Rule 8 does not require that a complaint contain "detailed factual allegations," a plaintiff must plead more than conclusory allegations to "unlock the doors of discovery." Iqbal, 129 S. Ct. at 1950-51; see also Moss v. U.S. Secret Service, 572 F.3d 962, 967-69 (9th Cir. 2009) (discussing Twombly and Iqbal).

1   <u>Studios v. Richard Feiner & Co., Inc.</u>, 896 F.2d 1542, 1555 n.19 (9th

2   Cir. 1990).  The Court otherwise may not consider matters outside the

3   Complaint.  <u>See</u> <u>id.</u>; <u>Arpin v. Santa Clara Valley Transportation</u>

4   <u>Agency</u>, 261 F.3d 912, 925 (9th Cir. 2001); <u>Schneider v. Cal. Dept. of</u>

5   <u>Corrections</u>, 151 F.3d 1194, 1197 n.1 (9th Cir. 1988) ("In determining

6   the propriety of a Rule 12(b)(6) dismissal, a court *may not* look

7   beyond the Complaint to a plaintiff's moving papers, such as a

8   memorandum in opposition to a defendant's motion to dismiss.")

9   (emphasis original).[4]

10

11       The Court must construe Plaintiff's <u>pro se</u> Complaint liberally.

12   <u>See</u> <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21 (1972); <u>Shakur v. Schriro</u>,

13   514 F.3d 878, 892 (9th Cir. 2009).  To the extent that a ground for

14   dismissal applies to claims asserted against non-moving Defendants,

15   the Court may dismiss in favor of non-moving Defendants, as well as

16   moving Defendants.  <u>See</u> <u>Silverton v. Dep't of Treasury</u>, 644 F.2d 1341,

17   1345 (9th Cir.), <u>cert. denied</u>, 454 U.S. 895 (1981) (court may dismiss

18   action on its own motion in favor of non-moving defendant "where such

19   defendants are in a position similar to that of moving defendants or

20   where claims against such defendants are integrally related").

21   ///

22

23   **II.   <u>Plaintiff May Be Able to Plead a Cognizable Substantive Due</u>**

24

25       [4]    Therefore, in determining the sufficiency of the Third
     Amended Complaint, the Court has not considered the exhibits
26   Plaintiff filed with Plaintiff's Oppositions.  The exhibits
     consist of pages of handwritten and typed line entries
27   purportedly documenting Plaintiff's grievances made to numerous
     individuals, including Defendants Baca and Molina.  <u>See</u> Exhibit A
28   filed with Plaintiff's Oppositions.

1 **Process Claim if the Conditions of His Confinement as a Civilly-**
2 **Committed SVP Amounted to Punishment.  Plaintiff Has Not Yet**
3 **Pleaded Sufficient Facts to State Such a Claim, However.**

5      As an initial matter, the Court notes that Plaintiff may be able
6 to plead a cognizable claim for relief based on the conditions of his
7 confinement.  The Fourteenth Amendment applies to the conditions of
8 confinement for civil detainees, such as sexually violent predators,
9 and requires the government to "do more than provide the minimal
10 civilized measure of life's necessities" for such detainees.  Jones v.
11 Blanas, 393 F.3d at 931 (internal quotation omitted).  "[D]ue process
12 requires that the nature and duration of commitment bear some
13 reasonable relation to the purpose for which the individual is
14 committed."  Id. (quoting Jackson v. Indiana, 406 U.S. 715, 738
15 (1972)).  This requirement means that, "[a]t a bare minimum," a civil
16 detainee cannot be subjected to conditions that amount to punishment.
17 Id. (citation omitted).  "[W]hen a SVP detainee is confined in
18 conditions identical to, similar to, or more restrictive than those in
19 which his criminal counterparts are held, we presume that the detainee
20 is being subjected to 'punishment.'"  Id. at 932 (citing Sharp v.
21 Weston, 233 F.3d 1166, 1172-73 (9th Cir. 2000)).  Additionally, "when
22 an individual awaiting SVPA adjudication is detained under conditions
23 more restrictive than those the individual would face following SVPA
24 commitment, we presume the treatment is punitive."  Id. at 933.

26      As summarized above, Plaintiff generally alleges that he was
27 treated identically to, or worse than, his criminal counterparts at
28 the Los Angeles County Jail based on unspecified acts, omissions,

policies, procedures, and/or customs.  Plaintiff alleges that
Defendant Baca and the County have subjected Plaintiff to conditions
"substantially worse" than he would face upon commitment to Coalinga
State Hospital, including: (1) assault by penal detainees; (2) denial
of the purported right to confidential telephone calls, confidential
contact visiting, and confidential mail; (3) denial of the right to
"adequate" clean showers and hygiene; (4) denial of the right to
"adequate" access to a law library and courts; (5) denial of the
purported right to "adequate" outdoor and indoor exercise and
recreation; (6) denial of the purported right to "adequate"
socialization; (7) denial of the purported right to freedom "from
isolation and seclusion"; (8) denial of the right to "adequate" and
sanitary meals; (9) denial of the right to freedom from excessive and
unnecessary physical restraints; (10) denial of the right to freedom
from unreasonable searches; (11) denial of the right to be housed
separately from and to be kept safe from criminal detainees; and
(12) denial of the right to "adequate" and "more considerate" medical
care mandated for civil detainees (TAC ¶ 24).  Apart from the
allegations concerning the Defendants' alleged indifference to
Plaintiff's medical needs and denial of access to courts (discussed
below), Plaintiff does not allege any specific facts with respect to
these alleged conditions, however.


    Plaintiff's entitlement to relief requires more than the "labels
and conclusions" set forth above.  <u>Twombly</u>, 550 U.S. at 555.  If
Plaintiff chooses to pursue a Fourteenth Amendment Claim based on the
conditions of his confinement, Plaintiff must allege facts showing how
he was subjected to these alleged deprivations.

III. **The Complaint Fails to State Claims for Relief Against Defendants Baca and Molina in their Individual Capacities; Plaintiff Has Not Alleged Sufficient Personal Involvement.**

As Defendants Baca and Molina correctly assert, an individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. See Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978); see also Bressi v. Ford, 575 F.3d 891, 898 n.8 (9th Cir. 2009) (reaffirming same). Plaintiff may not sue Defendant Baca or Defendant Molina or any supervisor on a theory that a supervisor is liable for the acts of his or her subordinates. See Polk County v. Dodson, 454 U.S. 312, 325 (1981); Gibson v. County of Washoe, Nev., 290 F.3d 1175, 1185 (9th Cir. 2002), cert. denied, 537 U.S. 1106 (2003); see also Iqbal, 129 S. Ct. at 1948 (noting in Bivens action, the "federal analog" to section 1983 suits, that "Government officials may not be held liable for the unconstitutional conduct of their subordinates on a theory of respondeat superior"). A supervisor may be held liable in his or her individual capacity "for [his or her] own culpable action or inaction in the training, supervision or control of [his or her] subordinates." Watkins v. City of Oakland, Cal., 145 F.3d 1087, 1093 (9th Cir. 1998) (quoting Larez v. City of Los Angeles, 946 F.2d 630, 646 (9th Cir. 1991)). As Iqbal and Twombly confirm, to state a claim "[a] plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." Barren v. Harrington, 152 F.3d

11

1    1193, 1194 (9th Cir. 1998), <u>cert. denied</u>, 525 U.S. 1154 (1999); <u>Iqbal</u>,

2    129 S. Ct. at 1949-50; <u>Twombly</u>, 550 U.S. at 555.

3

4        As discussed below, Plaintiff has not alleged facts sufficient to

5    show the requisite personal involvement by either Defendant Baca or

6    Defendant Molina.

7

8        **A.    <u>The Allegations Against Defendant Baca Are Insufficient.</u>**

9

10       With respect to Defendant Baca, Plaintiff alleges:

11

12           Defendant [Baca] is the Sheriff of Los Angeles County, and

13           in overseeing and managing the Los Angeles County Jail

14           represents defendant LOS ANGELES COUNTY.  In his capacity as

15           Sheriff, he is responsible for the administration and

16           management of Los Angeles County Jail facilities, including

17           decisions concerning staff deployment, discipline, and

18           training regarding the housing, care, and handling of

19           plaintiff.

20

21   (TAC ¶ 5).  Plaintiff further alleges that Defendant Baca, in

22   cooperation with the County, is "responsible for establishing,

23   developing, and implementing all of the policies, practices, and

24   customs at all Los Angeles County Jail facilities" (TAC ¶ 18).

25   Plaintiff alleges that Defendant Baca is obligated to provide quarters

26   for Plaintiff and to provide Plaintiff with "more considerate

27   treatment" than the treatment provided to criminal detainees, and may

28   not impose conditions "that are identical to, similar to, or more

restrictive than, those in which plaintiff's criminal counterparts are held" (TAC ¶ 20-21).  Plaintiff alleges that Defendant Baca and others are "adamant" about treating Plaintiff "exactly the same as, or more restrictive than" criminal detainees (TAC ¶ 23).

Plaintiff alleges that Defendant Baca's written policies and procedures for the jail system do not recognize and enforce the rights of civilly detained persons, denying "Equal Protection of the Laws" (TAC ¶ 25).  Plaintiff does not include a recitation of any alleged written policies.  Rather, Plaintiff generally alleges that the policies are enforced for the sole purposes of punishment (TAC ¶ 26).  Plaintiff alleges that Defendant Baca refuses to train County employees regarding the rights of civil detainees established by 42 U.S.C. sections 482.13 and 483.10, California Welfare and Institutions Code sections 5325 and 5325.1, and California Penal Code section 4002(b) (TAC ¶¶ 27-28).[5]  Plaintiff asserts that the alleged refusal

---

[5]     Plaintiff's citation to 42 U.S.C. sections 482.13 and 483.10 appears to be an error.  No such sections exist. California Penal Code section 4002, as amended in 2001, provides that inmates held in county jails pending civil process under the SVP laws shall be held in administrative segregation (i.e., "separate and secure housing that does not involve any deprivation of privileges other than what is necessary to protect the inmates and staff").  See Cal. Penal Code § 4002(b).

California Welfare and Institutions Code sections 5325 and 5325.1, as applicable to Plaintiff under California Penal Code section 1610(c), list certain rights available to persons with mental illnesses who are involuntarily detained for evaluation or treatment.  See Cal. Welf. & Inst. Code §§ 5325, 5325.1 (listing rights); see also Cal. Penal Code § 1610 (providing that persons confined under this section, which include SVPs, may be housed in accordance with California Penal Code section 4002 and have a right to "an explanation of rights in the manner prescribed in Section 5325 of the Welfare and Institutions Code").

(continued...)

1  to train County employees resulted in him receiving inadequate medical

2  care, being assaulted and placed in "punitive" segregation, being

3  subjected to retaliation for filing administrative grievances, placing

4  Plaintiff in the highest custody level, and limiting law library

5  access (TAC ¶¶ 30-66).  Finally, Plaintiff alleges that "all

6  defendants, personally participated in the deprivation of Plaintiff's

7  constitutional rights, knew of the violations, and failed and refused

8  to act to prevent them, in violation of the First, Fourth, and

9  Fourteenth Amendments to the Constitution . . ." (TAC ¶ 68).

10

11      Each of the above allegations are conclusory, and fail to

12  describe with specificity Defendant Baca's alleged involvement in the

13  constitutional deprivations Plaintiff claims.  Plaintiff's bare

14  allegations that Defendant Baca is responsible for overseeing the jail

15  and has implemented assertedly impermissible policies with respect to

16  the jail's housing of SVP detainees are inadequate.  The Third Amended

17  Complaint does not allege any specific facts from which the Court

18  plausibly may infer that Defendant Baca had personal involvement in

19  the conditions of confinement at issue.  Accordingly, Plaintiff's

20  claim against Defendant Baca in his individual capacity is deficient

21  under Rule 8.  <u>Compare</u> <u>Iqbal</u>, 129 S. Ct. at 1951-52 (finding

22  _____

23      [5](...continued)
        To the extent Plaintiff may contend that the conditions of

24  his confinement violate these state laws, Plaintiff has not
    alleged sufficient facts to support a civil rights claim.

25  Plaintiff must allege a violation of an established
    constitutional right.  "[A] violation of state law may not form

26  the basis for a section 1983 action unless it causes a
    deprivation of a right protected by the Constitution." <u>Sundquist</u>

27  <u>v. Philp</u>, 2009 WL 2353267 *1 (9th Cir. Jul. 30, 2009) (citing
    <u>Lovell v. Poway Unified Sch. Dist.</u>, 90 F.3d 367, 370 (9th Cir.

28  1996)).

1   insufficient facts to support a claim where plaintiff generally

2   alleged that Attorney General adopted a policy approving "restrictive

3   conditions of confinement" for pretrial detainees with suspected

4   terrorist connections in the wake of the September 11 terrorist

5   attacks); al-Kidd v. Ashcroft, 580 F.3d at 977 (also finding

6   insufficient facts to support a conditions of confinement claim where

7   plaintiff alleged that the Attorney General promulgated and approved a

8   policy causing plaintiff to be subjected to harsh conditions of

9   confinement).

10

11      **B.    The Allegations Against Defendant Molina Are Insufficient.**

12

13      The Third Amended Complaint contains only one allegation

14   identifying Defendant Molina.  Plaintiff alleges:

15

16      Defendant [Molina] at all times relevant herein was a Los

17      Angeles County Supervisor, and as such is responsible for

18      the overall conditions of plaintiff's "civil detention"

19      within her district of Los Angeles County, wherein

20      Los Angeles County Jail Men's Central Jail and Twin Towers

21      Correctional Facility are located.  In her capacity as a

22      Los Angeles County Supervisor, defendant Molina is

23      responsible for the funding of, and the enforcement of,

24      mandates to preserve and protect plaintiff's rights under

25      the Constitution and laws of the United States while

26      confined in Los Angeles County Jail.

27

28   (TAC ¶ 7).  As with the allegations against Defendant Baca, the

1  allegation against Defendant Molina is insufficient to state a claim

2  for relief against Defendant Molina in her individual capacity.  The

3  Third Amended Complaint does not allege any specific facts from which

4  the Court plausibly may infer that Defendant Molina's direction,

5  policies, decisions or failures to act[6] constituted actionable

6  personal involvement in the conditions of confinement at issue.

7  Compare Warren v. Kolender, 2007 WL 951833 at *4 (S.D. Cal. Mar. 13,

8  2007) (pre-Iqbal case finding allegations insufficient to establish

9  liability for county board of supervisors, where plaintiff alleged the

10 board failed to adopt a policy to prevent the county jail from housing

11 SVP detainees similarly to other inmates; plaintiff did not allege the

12 board had any policymaking authority with regard to the jail's housing

13 conditions).[7]

14 ///

15 ///

16

17 **IV.  Plaintiff Has Not Alleged Facts Sufficient to State a Claim for**

18 **Denial of Access to the Courts.**

19

20 ───────────────────

21 [6]    After Iqbal, the issue of whether an individual's
   knowing failure to act, alone, can justify section 1983 liability

22 is unclear.  Iqbal noted that "purpose rather than knowledge" is
   required to impose liability on defendants for discharging their

23 responsibilities in a way that may have resulted in
   constitutional deprivations.  See Iqbal, 129 S. Ct. at 1949

24 (discussing same); see also al-Kidd v. Ashcroft, 580 F.3d at 976
   & n.25 (acknowledging dissent's contention that the "knowing

25 failure to act" standard did not survive Iqbal, but refusing to
   reach the issue).

26

27 [7]    Because the allegations of the Third Amended Complaint
   are insufficient to state a claim against Defendant Molina in her

28 individual capacity, the Court does not reach the issue of
   whether Defendant Molina is immune from suit.

1    Plaintiff alleges that Defendants limited his law library access

2  and his confidential communications with his attorney.  To plead a

3  cognizable claim for denial of access to the courts, Plaintiff must

4  allege, <u>inter alia</u>, that the denial of such access caused him "actual

5  injury."  <u>Lewis v. Casey</u>, 518 U.S. 343, 350-55 (1996); <u>Barren v.</u>

6  <u>Harrington</u>, 152 F.3d at 1195.  Plaintiff must allege that some

7  specific non-frivolous legal claim has been frustrated or impeded.

8  Here, Plaintiff has not alleged the requisite actual injury.

9

10  **V.     <u>The Complaint Fails to State an Equal Protection Claim.</u>**

11

12    To the extent Plaintiff alleges a violation of the Equal

13  Protection Clause based on his conditions of confinement (TAC ¶ 25),

14  the Third Amended Complaint is insufficient.  Although Plaintiff

15  alludes to racial discrimination in the Complaint (TAC ¶ 1), Plaintiff

16  does not allege that his conditions of confinement were the result of

17  discrimination against Plaintiff as a member of a suspect class.  To

18  state an Equal Protection claim that does not involve a suspect

19  classification, Plaintiff must allege specific facts from which the

20  Court plausibly may infer that Plaintiff was intentionally treated

21  differently from others similarly situated and that there was no

22  rational basis for the difference in treatment.  See <u>Iqbal</u>; <u>Village of</u>

23  <u>Willowbrook v. Lech</u>, 528 U.S. 562, 564 (2000); <u>Barren v. Harrington</u>,

24  152 F.3d at 1194-95.  The Third Amended Complaint alleges no such

25  specific facts.

26                       **CONCLUSION AND ORDER**

27

28    For all of the foregoing reasons, the Third Amended Complaint is

1   dismissed with leave to amend.  See Lopez v. Smith, 203 F.3d 1122,

2   1130 (9th Cir. 2000) (en banc).  Plaintiff is granted leave to amend

3   to attempt to comply with the pleading requirements of Twombly and

4   Iqbal.  See Moss v. U.S. Secret Service, 572 F.3d at 965.  If

5   Plaintiff still wishes to pursue this action, he is granted thirty

6   (30) days from the date of this Memorandum and Order within which to

7   file a Fourth Amended Complaint.  The Fourth Amended Complaint shall

8   be complete in itself.  It shall not refer in any manner to any prior

9   complaint.  Plaintiff may not add Defendants without leave of court.

10  See Fed. R. Civ. P. 21.  Failure to file timely a Fourth Amended

11  Complaint may result in the dismissal of this action.

12

13          DATED:  __10/22/09_____.

14

15

16          _____

17                FLORENCE-MARIE COOPER
             UNITED STATES DISTRICT JUDGE

18

19

20  PRESENTED this    day of

21  October, 2009, by:

22

23  _____/S/_____

24        CHARLES F. DICK
    UNITED STATES MAGISTRATE JUDGE

25

26

27

28